## RIDDLE v. BOWMAN, *Plaintiff in Review.*

A surety in a note for two principal promisors, one of whom is deceased, having paid it, may recover the amount paid in discharge of it, of the survivor.

Where a surety receives a mortgage of several parcels of real estate from his principal, for his indemnity, a portion of which is incumbered, at the time, with a prior mortgage, and upon the death of the mortgager, his wife is entitled to dower in another portion, and he is compelled to pay the debt for which he is surety, he will be entitled to pay the amount of the mortgage, and also to pay to the widow the value of her right of dower in the premises, and upon a sale of the lands mortgaged, he will be entitled out of the avails, first to indemnify himself for the sums paid to remove the incumbrances, and for the remainder he is bound to account upon the sums paid in discharge of the debt.

He will not be relieved from the duty of thus accounting by the fact that it does not appear that either the mortgage given to himself or the prior mortgage was foreclosed prior to the sale.

Nor is he discharged from his liability so to account, by the circumstance that, at the time of making the several payments in discharge of the mortgage, and to disincumber the premises of the dower, both the mortgage interest and right of dower were assigned to him by those to whom the payments were made.

The surety in such a case is entitled to be allowed simple interest upon the sums paid by him, from the dates of the several payments respectively, and is bound to account for a like rate of interest upon the sums received, from their respective dates.

ASSUMPSIT for money had and received, and money paid. In the specification filed the plaintiff claimed $4122,90,

for money by him paid in discharge of a note for $3800, dated September 12, 1844, signed by the plaintiff and defendant, and James McQuesten and G. W. Morrison, and also in payment of $7 for a bill of costs in an action upon said note. Said note was payable to the Derry Bank in one year, with interest.

The defendant pleaded the general issue, accompanied with a brief statement. It appeared that prior to September 3, 1842, the Derry Bank held an execution against one Ephraim Stevens, jr., and the defendant, and two other persons. A note was made, dated September 3, 1842, for $3800, payable to said bank in two years, with interest after, signed by the said Bowman, Ephraim Stevens, jr., James McQuesten, Geo. W. Morrison, and the defendant, in the order in which the names stand here, and the amount of said note, deducting the interest for two years, went to the benefit of said Bowman, the defendant, and said Stevens. The discount and paid note was with the view and purpose of getting means to discharge said execution, and the same was discharged.

On September 12, 1844, a note of that date was signed by John D. Riddle, the plaintiff, and the defendant, and G. W. Morrison, and James McQuesten, in that order, and payable to the Derry Bank in one year, with interest, and said note was paid to and received by said bank, in discharge of said note of September 3, 1842. The defendant paid the interest on the note of September 12, 1844, to September 12, 1845.

On the 7th day of April, 1846, the plaintiff paid upon said note the sum of $1100, and on the 30th day of December, 1846, he paid the further sum of $650, and on the 21st day of April, 1847, he paid the sum of $2372,90 for the balance thereof.

It appeared that on the 17th day of September, 1842, Ephraim Stevens, jr., executed to the plaintiff a mortgage deed of three several tracts of land, therein described, a

copy of which deed made a part of this case; the ob-
ject of said deed being to secure said Riddle from loss in
consequence of signing said note of September 3, 1842, as
by reference thereto more particularly appears.

At the date of said deed of mortgage, Frederick G. Stark
held a mortgage deed executed to him by said Stevens, cov-
ering a part of the lands embraced in the mortgage deed of
Stevens to the plaintiff. On the 18th day of September,
1844, the plaintiff paid to said Stark the sum of $703,31,
the amount due on said mortgage, and took an assignment
thereof, having before that time, and before the time of fore-
closure, tendered to said Stark the amount due on said
mortgage.

It appeared that said Ephraim Stevens, jr., died in 1849,
and left a widow, and that she was entitled to dower in the
lot of land embraced in the mortgage deed of the said Ste-
vens to the plaintiff, and known as the Red House lot; and
the plaintiff paid her for her right in said lot the sum of
$275, in March, 1850.

It was admitted that the two lots or portions of land con-
tained in said deed of mortgage of Stevens, jr., to the plain-
tiff, known as the Bald Hill and Pond lots, were sold at auc-
tion by the plaintiff for the sum of $1725,73, on the 2d day
of January, 1846, and that sum was realized therefor.

On the 20th day of November, 1844, the plaintiff exe-
cuted to one William Hall a deed of a portion of the land
described in said mortgage deed of Stevens, jr., to the plain-
tiff, for the consideration named therein. The sum realized
from the sale to Hall of the Red House lot was $1500.
And no evidence was offered of any facts showing a fore-
closure of either of said mortgages by the plaintiff, further
than results from the foregoing statement of facts.

The execution of the deed of mortgage of Ephraim Ste-
vens, jr., to F. G. Stark, and also of said Stevens to the
plaintiff, and also the deed of the plaintiff to Wm. Hall of
a part of the land mortgaged to him by Stevens, offered in

evidence by the defendant, was admitted for the purposes of the trial.

The plaintiff paid interest upon the note of September 12, 1844, cast upon banking principles. One question made at the trial was as to the interest which the plaintiff is entitled to recover upon the sums paid by him upon said note.

A verdict was taken, by consent, for the plaintiff, for a sum assented to by the parties, upon which judgment was to be rendered, or the same to be amended, and judgment to be rendered thereon, or the same to be set aside, and judgment entered for the defendant, Bowman, according to the opinion of this court upon the foregoing case.

*Morrison & Fitch,* for the plaintiff.

The plaintiff was not bound to redeem the premises mortgaged to Stark, for the benefit of the defendant.

It does not appear that he was ever requested so to do.

The plaintiff is not bound to account to the defendant for the balance in his possession, out of the sale of the Red House farm, so called.

The mortgage to Stark has never been foreclosed, and may be paid by the heirs of Stevens, and then the plaintiff in this case is bound by his covenant of warranty to defend the title.

A surety taking collateral securities for his indemnity, may, if obliged to pay the debt, maintain an action against the principal on the implied promise, unless it were agreed that he should look only to such collateral security. *Cornwall* v. *Gould,* 4 Pick. 444.

When there are two principals, and the surety pays the note, he may recover the amount from either. *Jones* v. *Fitz,* 5 N. H. Rep. 444.

*Bowman, pro se.*

The doctrine of contribution is the result of general equity, on the ground of equality of burthen and benefit, and is

equally so among principals as among sureties. *Fletcher* v. *Grover*, 11 N. H. Rep. 372; *Boardman* v. *Paige*, 11 N. H. Rep. 431.

The assignment of property from the principal to a surety, for the purpose of indemnifying him in part, will operate and enure to the benefit of all the sureties. *Batchelder* v. *Fisk*, 17 Mass. Rep. 464.

In general, whatever payment one surety may receive from the principal shall enure to the benefit of all. *Messer* v. *Swan*, 4 N. H. Rep. 488; *Gould* v. *Fuller*, 6 Shep. 364.

One surety is entitled to the benefit of any security which a co-surety has. *Low* v. *Smart*, 4 N. H. Rep. 354.

So, also, a creditor who has his debt secured by a surety, and has property pledged to him by the principal debtor as security, is bound to keep the property for the benefit of the surety as well as himself, and if he gives it up without consent of the surety, he loses his claim against the surety to the amount of the property given up. *Baker* v. *Briggs*, 8 Pick. 122.

So, also, if one of two principal debtors binds himself to the other to pay the whole debt, and gives security for the performance, the creditor of both is entitled to the benefit of that security; so is the surety of two principals who have been compelled to pay the debt. 7 Watts & Serg. 305; Sup. U. S. Digest 815, § 59.

When two persons engage in a common risk, and one of them subsequently takes an indemnity from the principal debtor, such enures to the benefit of all the sureties. *Fagan* v. *Jacocks*, 4 Dr. 263.

Where a creditor recovered judgment against his principal debtor, sold his goods on execution and took a mortgage to secure the payment, and a surety of the original debtor subsequently paid the debt, it was held that the surety was entitled to the benefit of the mortgage. *Ottoman* v. *Mook*, 3 Sand. Ch. R. 431; U. S. Dig. 1848, 339, § 20.

If after judgments are obtained against principal and sure-

ty, a third person interposes and gives his note for the debt, to obtain stay of execution for the principal, and the surety is afterwards obliged to pay the debt, he is entitled to have an assignment of the judgment on the note of the third person, to indemnify him for such payment. 1 Watts & Serg. 155; 2 Supplement to U. S. Dig. 815, § 55, Tit. Surety.

If a surety takes security from one of the principals, he thereby releases the other principal, and any security in his hands. 7 Watts & Serg. 305; 2 Supplement to U. S. Dig. 815, § 60.

Riddle should hold any security given him by Stevens for the benefit of Bowman.

Riddle, by his acts, is to be regarded in law as principal, as to the note of September 12, 1844.

One who sets himself forth in a contract as principal, when he is in reality only a surety, is held to be a principal in law. *Spriggs* v. *Bart. Mt. Pleasant,* 10 Pet. 257.

If three persons give their note for their joint debt, each may be considered, with respect to the other two, as a principal in relation to one-third part of the debt, and as surety as to the other two-thirds. *Henderson* v. *M'Duffee,* 5 N. H. Rep. 38; 7 Shep. 322.

Two of three sureties took a mortgage from their principal to indemnify them as such sureties, and for other liabilities. One of them paid the debt, and brought assumpsit against the third surety, who had no indemnity for his third part. Held that the action could not be maintained without showing that the mortgaged property had been properly disposed of without having satisfied the debt for which contribution was demanded. 7 Dana 307; 1 U. S. Dig. Supplement, 417, § 33.

When the party claiming has been reimbursed, and has sustained no loss, this principle of equity does not apply. *Mason* v. *Lord,* 20 Pick. 449.

Even a creditor cannot apply the proceeds of mortgaged property by a principal debtor to demands in his hands,

against said debtor, to the prejudice of sureties.  *Merrimack Bank* v. *Brown*, 12 N. H. Rep. 320.

When one of several sureties receives a mortgage as indemnity, and pays the debt, he is bound to use reasonable diligence to appropriate the mortgage to a repayment to him, and if the mortgage fails fully to indemnify him, by reason of his laches, he cannot compel contribution by his co-sureties.  *Grodloe* v. *Clay*, 6 B. Mon. 236; 1848 U. S. Dig. 339, § 21.

When joint promissors or co-sureties have received equal benefits, or been released from common burthens, neither shall recover over against another, unless for the excess or equal share.  *Fletcher* v. *Grover*, 11 N. H. Rep. 374.

Woods, J.  This action was commenced to recover the amount of a note for $3800, signed by the plaintiff, as surety for the original defendant, Bowman, and one Stevens, to the Derry Bank.

The plaintiff paid the amount to the bank, excepting a part of the interest, in the several instalments.  The plaintiff, then, is entitled to recover of the defendant, Stevens being dead, the amount paid in discharge of the note, unless he has received moneys for which he is obliged to account. Stevens conveyed to the plaintiff, in mortgage, several tracts of land, to indemnify him generally for signing the note. A portion of the land thus mortgaged was encumbered by a mortgage to F. G. Stark, and upon the death of Stevens, the mortgager, his widow claimed dower in another portion. Two of the lots of land embraced in the mortgage were sold by the plaintiff for $1,725,73, and another lot for $1,500.  If no other facts appeared in the case, then the plaintiff, we think, would be legally bound to account for those two sums, amounting in the aggregate to $3,225,73, upon the sum paid by him to the bank.

But he paid to Stark the amount of the mortgage to him, being $703,31.  And he also paid to Mrs. Stevens, for her

right of dower in the land, $275. And there is no suggestion that that sum was not its fair value. The plaintiff, then, is entitled to have those two sums, amounting to $978,31, deducted from the sums realized by him upon the sale of the lands in question, leaving a balance of $2,247,42, for which the plaintiff is to account. Interest should be added to the receipts and payments. Simple interest is to be cast upon the several payments made by the plaintiff, from the date of each payment respectively. And simple interest is also to be allowed upon the several sums received by him, from their respective dates.

The fact that the plaintiff, upon the payment of the Stark mortgage, took an assignment of it, cannot relieve him from his accountability for the residue of the money realized by him for the land sold, over the amount of that mortgage. The same remark is applicable to the payment made for the dower, and the conveyance taken of it. The title to the residue of the estate, beyond the value of the mortgage and dower, was holden as collateral security, and must be accounted for accordingly. Moreover, he is not relieved from his accountability for what he realized from the sale, by the fact that it does not appear that the Stevens' mortgages had been, at the time of the sale, foreclosed. By the mortgage, the plaintiff, or his grantee, can hold the possession of the land, free from all right to redeem by any one, and all risk of ejectment, until the entire bank debt shall be paid, or at any rate, until he is fully indemnified for having signed the note in question. And having given his deed of warranty to his grantee, he is thereby only liable for what he received of him, and interest thereon, in any event. But before he is obliged to surrender his title and possession, he will receive such sum as will at least indemnify him against his liability, by reason of his covenants of warranty. There is no equitable ground, therefore, as we conceive, upon which he can be holden not liable to account for the money realized upon the sales made.

The plaintiff is entitled to judgment, therefore, for the balance which shall be found due him, upon the principles before stated.

*Judgment for the plaintiff.*